**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31131 (HDH) |
| In re:<br><br>WALL009 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31133 (SGJ) |
| In re:<br><br>WALL010 LLC,<br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31134 (BJH) |
| In re:<br><br>WALL011 LLC,<br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31135 (SGJ) |
| In re:<br><br>WALL012 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31136 (HDH) |

| | |
|---|---|
| In re:<br><br>WALL016 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31138 (BJH) |
| In re:<br><br>WALL017 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31139 (HDH) |

**MOTION OF THE PETITIONING CREDITORS FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 7 CASES**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Kai Tian, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Lan Ji, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Tianqing Song, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wanwan Li, Wenjuan Yin, Jiancheng Chen, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jingqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"); and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), directing the joint administration of the above-captioned chapter 7 cases and the consolidation thereof for procedural purposes only. In further support of the Motion, the Petitioning Creditors, respectfully represent as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

**BACKGROUND**

4. On April 8, 2020 (the "Petition Date"), the Petitioning Creditors filed seven (7) involuntary bankruptcy petitions for relief under Chapter 7 of the Bankruptcy Code for the entities WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC (collectively, the "Alleged Debtors").

5. Prior to the Petition Date, each Alleged Debtor entered into a loan agreement with individual Petitioning Creditors. The loan agreements ("Loan Agreements") entered into between the Petitioning Creditors and the Alleged Debtors are attached to the involuntary bankruptcy petitions ("Petitions") filed against each of the Alleged Debtors.

6. Pursuant to the Loan Agreements, the Petitioning Creditors loaned monies to the Alleged Debtors on the terms set forth therein.

7. The Alleged Debtors are in default of the Loan Agreements as a result of, among other things, their failure to repay sums as and when due thereunder.

8. Based on information and belief, WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC are, or were intended to be, single asset real estate entities.

9. Based on information and belief, the Petitioning Creditors believe that the Alleged Debtors are ultimately owned and/or controlled by the same insider, Timothy Barton.

10. No trustee has been appointed in the Chapter 7 cases.

**RELIEF REQUESTED**

11. By this Motion, the Petitioning Creditors respectfully request entry of an order directing the joint administration of these Chapter 7 cases and the consolidation thereof for procedural purposes only, and directing parties in interest to use a consolidated caption. Many of the motions, applications, hearings, and orders that will arise in these Chapter 7 cases will affect most, if not all, of the Alleged Debtors jointly. For that reason, the Petitioning Creditors respectfully submit that their interests, as well as the interests of the Alleged Debtors' creditors, the Court and other parties in interest, would be best served by the joint administration of these Chapter 7 cases for procedural purposes only.

12. The Petitioning Creditors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for all of these Chapter 7 cases under the case of WALL007 LLC. In addition, the Petitioning Creditors seek the Court's direction that separate docket entries be made on the dockets of each Chapter 7 case (except that of WALL007 LLC) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 7 cases of WALL007 LLC and its affiliates that have concurrently commenced involuntary chapter 7 cases. The docket in the chapter 7 case of WALL007 LLC, Case No. 20-31131 (HDH), should be consulted for all matters affecting this case."

The Petitioning Creditors further request that the caption of these Chapter 7 cases be modified as follows to reflect their joint administration:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31131 (HDH)<br>(Jointly Administered) |

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

Finally, the Petitioning Creditors requests that the Court authorize that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Alleged Debtors' estates.

**BASIS FOR RELIEF REQUESTED**

13. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Local Rule 1015-1 further provides, "[w]hen a case is filed for or against a debtor related to a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case."

14. Based on information and belief, the Petitioning Creditors believe that the Alleged Debtors are ultimately owned and/or controlled by the same insider, Timothy Barton. The Petitioning Creditors therefore believe that the Alleged Debtors are "affiliates" within the

meaning of Bankruptcy Code section 101(2) and, accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

15. Joint administration of these Chapter 7 cases will ease the administrative burden on this Court and all parties in interest. Joint administration of these Chapter 7 cases will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

16. Joint administration is generally non-controversial, and courts in this jurisdiction have routinely ordered joint administration in cases with multiple related debtors. See, e.g., In re Think Finance, LLC, et al., Case No. 17-33964 (Bankr. N.D. Tex. Oct. 23, 2017) [Dkt. No. 7]; In re Preferred Care, Inc., et al., Case No. 17-44642 (Bankr. N.D. Tex. Nov. 13, 2017) [Dkt. Nos. 89,104]; In re Williams Financial Group, Inc., et al., Case No. 17-33578 (Bankr. N.D. Tex. Sept. 24, 2017) [Dkt No. 39]. Accordingly, based on the foregoing facts and authorities, the Petitioning Creditors submit that the relief requested in this Motion should be granted.

## **NOTICE**

17. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas and (b) the Alleged Debtors.

18. The Petitioning Creditors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

## **NO PRIOR REQUEST**

19. No prior request for the relief sought in this Motion has been made to this Court or any other Court.

**WHEREFORE**, the Petitioning Creditors respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A: (a) authorizing the joint administration of the Alleged Debtors' Chapter 7 cases, and (b) granting such other and further relief as is proper.

Dated: April 16, 2020

/s/ *Jiangang Ou*
Jiangang Ou
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
(832) 767-0339
Fax : (832) 767-0669
Email: jou@nguyen-chen.com

Stephen M. Packman
Archer & Greiner, P.C.
Three Logan Square
1717 Arch St., Suite 3500
Philadelphia, PA 19103
215-246-3147
Email: spackman@archerlaw.com

*Counsel for the Petitioning Creditors*

# Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31131 (HDH) |
| In re:<br><br>WALL009 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31133 (SGJ) |
| In re:<br><br>WALL010 LLC,<br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31134 (BJH) |
| In re:<br><br>WALL011 LLC,<br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31135 (SGJ) |
| In re:<br><br>WALL012 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31136 (HDH) |

| | |
|---|---|
| In re:<br><br>WALL016 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31138 (BJH) |
| In re:<br><br>WALL017 LLC,<br><br>Alleged Debtor. | Chapter 7<br><br>Case No. 20-31139 (HDH) |

**ORDER DIRECTING JOINT ADMINISTRATION**
**OF DEBTORS' CHAPTER 7 CASES**

Upon the motion (the "Motion") of the Petitioning Creditors for entry of an (this "Order") directing the joint administration of these chapter 7 cases and the consolidation thereof for procedural purposes only; the Court having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. 157 and §§ 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Alleged Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The above-captioned chapter 7 cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of WALL007 LLC, Case No. 20-31131 (HDH).

3. If, when filed, these chapter 7 cases were assigned to separate judges, all of the chapter 7 cases shall be transferred to the judge presiding over the chapter 7 case of WALL007 LLC, Case No. 20-31131 (HDH).

4. Parties in interest are directed to use the proposed caption when filing a pleading with the Court in the Alleged Debtors' chapter 7 cases, indicating that the pleading relates to the jointly administered chapter 7 cases:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| WALL007 LLC, *et al.*,[1] | Case No. 20-31131 (HDH)<br>(Jointly Administered) |
| Alleged Debtors. | |

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

5. The Clerk of this Court shall make a docket entry in each chapter 7 case (except that of WALL007 LLC) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 7 cases of WALL007 LLC and its affiliates that have concurrently commenced involuntary chapter 7 cases. The docket in the chapter 7 case of WALL007 LLC, Case No. 20-31131 (HDH), should be consulted for all matters affecting this case."

6. Notice of the Motion as provided therein shall be deemed good and sufficient, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding the applicability of any Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notwithstanding the relief granted in this Order, any creditor filing a proof of claim against any Alleged Debtor shall file such proof of claim in the chapter 7 case of each Alleged Debtor to which such claim relates.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 7 cases.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

218328746v2