**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>WALL007 LLC, *et al.*,[1]<br><br>Alleged Debtors. | Chapter 7<br><br>Case No. 20-31138 (HDH)<br>(Jointly Administered) |

**MOTION OF THE PETITIONING CREDITORS FOR (I) RECONSIDERATION OF ORDER DISMISSING INVOLUNTARY BANKRUPTCY CASES WITHOUT PREJUDICE; AND (II) RELATED RELIEF**

Jun Li, Yunding Kang, Cunxiang Ji, Jin Wang, Peng Guo, Lin Zhou, Qu Chen, Yijing Wu, Xuegeng Gong, Jin Wang, Weijia Kong, Heng Zhang, Hong Guo, Pei Guan, Yue Xu, Mai Ye, Chenchen Jiang, Qiuying Li, Ruinian Wu, Lin Zhou, Liying Yang, Yan Zhang, Wenjun Wang, Ying Zhou, Lin Li, Li Jiang, Rufeng Ding, Cunxiang Ji, Lin Gao, Qiao Qin, Yue Zhang, Xiaodong Hao, Li Jiang, Weisi Wang, Xiaoquan Dai, Feng Yan, Heng Zhang, Ou Jiang, Jinzhe Wu, Yadan Liu, Wenjuan Yin, Yi Tang, Ying Zhang, Pengfei Dong, Kangying Mao, Yijing Wu, Li Jiang, Qin Chu, Yulan Chen, Sicheng Zhan, Pei Guan, Jinqiu Tang, Di Tang, Jun Zeng, Kui Wang, Yue Zhang, Jun Wang, Xiaomin Fan, Di Tang, Jialin Hu, Qin Chu, Jiaxiang Lu, Fuqing Chen, Hanjiang Fu, Aiguo Luo, Fang Ding, Xiangdong Zhu, Wai Ying, Yuan Yuan, Chao Xu, Guoqin Zhou, Yijing Wu, (collectively, the "Petitioning Creditors"), by and through their undersigned counsel, hereby move this Honorable Court for the entry of orders (i) reconsidering the Order Dismissing Involuntary Bankruptcy Cases Without Prejudice as set forth herein and (ii) for related relief (the

[1] The Alleged Debtors in these cases are: WALL007 LLC, WALL009 LLC, WALL010 LLC, WALL011 LLC, WALL012 LLC, WALL016 LLC, WALL017 LLC. The Alleged Debtors' federal tax identification numbers are unknown to the Petitioning Creditors at this time.

"Motion"). In support of this Motion, the Petitioning Creditors (at times the "Petitioners") respectfully show the Court as follows:

## RELEVANT PROCEDURAL BACKGROUND

1. The Petitioning Creditors filed involuntary chapter 7 bankruptcy petitions (collectively, the "Petitions") against each Alleged Debtor on April 8, 2020. See [Dkt. No. 1 in 20-31131]; [Dkt. No. 1 in 20-31133]; [Dkt. No. 1 in 20-31134]; [Dkt. No. 1 in 20-31135]; [Dkt. No. 1 in 20-31136]; [Dkt. No. 1 in 20-31138]; and, [Dkt. No. 1 in 20-31139].

2. On April 24, 2020, this Court entered an Order granting the Petitioning Creditors' motions to jointly administer the bankruptcy cases (the "Cases") under the lead case WALL007 LLC [Dkt. No. 11 in 20-31131] (the "Lead Case").

3. On May 7, 2020, each Alleged Debtor filed Motions to Dismiss. See [Dkt. Nos. 18–19 in 20-31131]; [Dkt. Nos. 15–16 in 20-31133]; [Dkt. Nos. 14–15 in 20-31134]; [Dkt. Nos. 14–15 in 20-31135]; [Dkt. Nos. 14–15 in 20-31136]; [Dkt. Nos. 14–15 in 20-31138]; and, [Dkt. Nos. 14–15 in 20-31139] (collectively, the "Motions to Dismiss").

4. The Motions to Dismiss sought dismissal of the Petitions alleging, *inter alia*, that: (1) there are an insufficient number of Petitioning Creditors to support the filing of the Petitions against the Alleged Debtors; (2) the Petitioning Creditors' claims are subject to bona fide dispute; (3) the Alleged Debtors are generally paying their respective debts; and (4) the Petitions are not in the best interests of each of the Alleged Debtors and their creditors. See Motions to Dismiss.

5. On June 1, 2020, the Petitioning Creditors sent a First Set of Interrogatories ("Interrogatories") and First Request for Production of Documents ("Document Requests") (collectively, the "Requests") to each of the Alleged Debtors.

6. On June 20, 2020, the Court entered a Joint Discovery Plan setting forth, among other matters, discovery deadlines. The Discovery Plan, as noted by the Court on November 23, 2020, provides for depositions of the parties and further provides that if the parties cannot agree on such depositions, the Court would make further determinations. Discovery Plan at 9.

7. Thereafter, paper discovery was exchanged between the parties.

8. On July 10, 2020, at the repeated request of Petitioning Creditors' counsel, the Parties' attorneys conferenced and discussed the Alleged Debtors' responses to the Requests (the "Responses"). However, the conference was unsuccessful as the Parties were unable to amicably resolve the Petitioning Creditors' objections to the insufficient Responses.

9. On July 27, 2020, the Petitioning Creditors filed a Motion to Compel [Dkt. No. 92] requesting that the Alleged Debtors produce paper discovery in the case. On August 10, 2020, the Petitioning Creditors filed an Amended Motion to Compel [Dkt. No. 129] (the "Amended Motion to Compel") requesting that the Alleged Debtors produce for deposition (i) Timothy Barton; (ii) Venkat Murugan; (iii) Hongpeng Lin; and (iv) Saskya Bedoya.

10. On September 4, 2020, the Court entered an order ("Discovery Order") requiring the Petitioning Creditors' counsel to file a "Live Deposition Agreement" confirming that the Petitioners will appear in the United States for live depositions [Dkt. No.168] because the Court believed that "proceeding with other discovery or motions would be fruitless if the Petitioning Creditors are not willing to appear for depositions . . ." [Dkt. No. 310]. As a result, "the Court ordered that before any other discovery or motion practice would continue, counsel for the Petitioning Creditors must sign and file an agreement that the Petitioning Creditors will appear for live depositions in the United States…" [Dkt. No. 310].

11. Since entry of the Discovery Order, the Petitioning Creditors (like everyone else around the globe) have faced the obstacles and impediments COVID-19 has and continues to create for foreign nationals traveling into the United States. Notably, and directly impacting the Petitioning Creditors is the Trump Administration's travel ban which still remains in effect.[2] As such, the Petitioning Creditors were and still are prohibited from traveling directly from China to the United States and appearing for live depositions.[3] As a result, the Petitioning Creditors repeatedly offered to appear by video for depositions in order to comply with the Court's mandate but the Alleged Debtors rejected said offer.

12. Under this Court's Order dated November 23, 2020 ("Compliance Order"), the Court required Petitioning Creditors' counsel to file a "Live Deposition Agreement" by the end of the day on December 4, 2020, or the Petitions would be dismissed by the Court. [Dkt. No. 287].

13. On December 4, 2020, Petitioning Creditors: Jin Wang, Heng Zhang, Ying Zhou, Li Jiang, Weisi Wang, Wanwan Li, Kangying Mao, Qin Chu, Di Tang, Jiaxiang Lu, and Yijing Wu complied with the Court's mandated and filed a Live Deposition Agreement with the Court, which Petitioning Creditors' counsel reasonably believed was in accord with the Court's Compliance Order. [Dkt. No. 308].

14. At the time of filing the Live Deposition Agreement, the Court had set a hearing on December 9, 2020 regarding the Alleged Debtors' Third Motion to Dismiss ("Third MTD"). [Dkt.

---

[2] *See* https://www.nafsa.org/regulatory-information/covid-19-restrictions-us-visas-and-entry and https://www.federalregister.gov/documents/2020/02/05/2020-02424/suspension-of-entry-as-immigrants-and-nonimmigrants-of-persons-who-pose-a-risk-of-transmitting-2019 (People other than U.S. citizens, permanent residents, and their immediate family were prohibited from entering the U.S. within 14 days of being in China).

[3] It is beyond dispute the travel ban makes it extremely difficult for Chinese nationals to travel to the U.S. First, the Chinese national must have a valid passport and visa to travel to a third country that is not on the banned list and permits their entry into such third county. Second, the Chinese nationals must bear the burden and cost of having to travel to a third country and reside for at least 14 days in quarantine before being allowed to enter into the U.S. Third, it will be equally difficult for the Chinese national to return from the U.S. to his or her home in China due to China's harsh restrictions applicable to its own citizens. Additionally, the travel ban is applicable to Europe as well.

No. 182]. The Third MTD was premised upon the Petitioner Deponents' alleged refusal to appear for depositions in the United States which is erroneous.

15. In any event, the Petitioning Creditors responded and timely filed their opposition to the Third MTD. [Dkt. No. 294].

16. On December 7, 2020, the Court *sua sponte* issued an Order Dismissing Involuntary Bankruptcy Cases Without Prejudice ("Dismissal Order"). [Dkt. No. 310]. In the Dismissal Order, the Court explained the most significant problem with the Live Deposition Agreement "is the condition that COVID-19 vaccines are available to the Petitioner Deponents prior to their departure to the United States." *Id.* The Court expressed its concern that this condition would add "far too much delay and uncertainty" to these proceedings due to the fact that "it is presently unknown when a vaccine will receive final regulatory approval or how long it will take to manufacture and distribute a vaccine once approved . . ." *Id.* The Court also expressed its concern that such uncertainty could have serious consequences for the Alleged Debtors and third parties, including loss of credit standing, interference with general business affairs, and public embarrassment. *Id.*

17. On December 17, 2020, as a result of the Dismissal Order, the Alleged Debtors filed a Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i). [Dkt. 313]. In the motion, the Alleged Debtors seek an award for attorneys' fees, costs, compensatory damages, and punitive damages against Petitioning Creditors in the amount of **$138,671,477.76**. *Id.* Ironically, the Alleged Debtors are audaciously requesting this Court to award them millions of dollars in damages after they have already absconded with the Petitioning Creditors' funds the Alleged Debtors procured pursuant to the execution of

underlying loan agreements. To date, little, if any of the owed principal and accumulated interest has been paid back to the Petitioning Creditors.

18. Petitioning Creditors respectfully request and move the Court to reconsider and vacate its Order Dismissing Involuntary Bankruptcy Cases Without Prejudice based on changed circumstances as well in the interests of in the interests of justice, judicial economy, and fundamental fairness.

**RELEVANT FACTUAL BACKGROUND**

19. On or about August 4, 2020, counsel for the Alleged Debtors noticed the depositions of the following eleven (11) Petitioning Creditors (the "Petitioner Deponents"): Jin Wang, Heng Zhang, Ying Zhou, Li Jiang, Weisi Wang, Wanwan Li, Kangying Mao, Qin Chu, Di Tang, Jiaxiang Lu, and Yijing Wu.

20. In the Motion to Quash, the Alleged Debtors inserted language requesting that the depositions of the Petitioning Creditors be taken in the United States before any depositions are taken of the Alleged Debtors' representatives.

21. On August 13, 2020, the Petitioning Creditors filed their opposition to the Motion to Quash (the "Quash Opposition") and reiterated that the Petitioning Creditors (who are Chinese Nationals), the vast majority of whom reside in mainland China, were unable to enter into the United States due to the ongoing COVID-19 pandemic and specifically because of the travel restrictions imposed by the Trump Administration.

22. Paragraph 34 of the Quash Opposition states as follows:

> "However, as set forth in the Amended Motion to Compel, Petitioning Creditors cannot enter into the United States due to the ongoing COVID-19 pandemic and travel and quarantine restrictions imposed by both China and the United States."

23. On August 17, 2020, the Court held a hearing on the multiple contested discovery matters, including the Discovery Motions.

24. At the August 17 hearing, counsel for the Petitioning Creditors and the Court briefly discussed the implications of the travel ban to the U.S. from China due to the ongoing COVID-19 pandemic. Tr. at 15:14–16:22; 28:8–28:14, August 17, 2020 (attached as Exhibit "A").

25. Although the Court considered the foregoing, including the impediments the travel ban had on the ability of Chinese nationals to travel to the United States, the Court determined that the Petitioning Creditor Deponents are nonetheless required to appear in person in the United States for depositions. *See* Tr. at 4:7–5:4, August 19, 2020 (attached as Exhibit "B").

26. As a result of the Court's Orders, numerous Petitioning Creditors committed to appearing in-person for their live depositions in the United States as follows:

> Petitioner Deponent, Jin Wang, will sit for a deposition in Houston, Texas, on a date to be set by counsel for the parties in January, 2021.
>
> The Petitioner Deponents in Hungary and China are willing to appear for depositions in the United States upon the following:
>
> (a) COVID-19 vaccines are available to Petitioner Deponents prior to their departure to the U.S.;
>
> (b) Current travel documents, including visas, are issued to Petitioner Deponents prior to travel to the U.S.;
>
> (c) Petitioner Deponents are permitted to enter into the United States; and,
>
> (d) Counsel for the parties agree on mutually acceptable dates, times and places for the depositions to occur.

Dkt. 308 ¶¶ 17-18.

27. Without warning, notice or an attempt to cure, the Court deemed the Live Deposition Agreement insufficient and *sua sponte* issued its Order Dismissing Involuntary

Bankruptcy Cases Without Prejudice. The Court noted in its Order that "these cases are being dismissed without prejudice to refiling." Further, the Court noted: "If [Petitioners] are more comfortable traveling to the United States in the future to prosecute their case, they are welcome to re-file the involuntary petitions at that time."

28. As Petitioning Creditors' counsel was under the apprehension and reasonable belief that the Live Deposition Agreement was sufficient and in compliance with the Court's Order, Petitioners' counsel humbly and respectfully asks the Court for the opportunity to cure the deficiency and reconsider and vacate its Order of Dismissal based on new circumstances, including Petitioning Creditors' counsel's realization from the Court's Order that the Live Deposition Agreement was unsatisfactory to the Court.

29. Given the recent news pertaining to the advancement and rollout of the COVID-19 vaccine by Pfizer and Moderna,[4] circumstances have clearly changed and Petitioning Creditors' counsel has worked diligently with the Petitioning Creditors regarding their appearance in the United States for live depositions. As a result, Petitioning Creditors pray for and request the opportunity to file an Amended Live Deposition Agreement detailing the following with regard to the live depositions in the United States:

> **Given the fact that the vaccine will have been widely distributed in the U.S. by mid-summer 2021, Petitioners agree and commit to and shall appear in person in the United States for their live depositions starting in mid-September 2021 on mutually agreeable dates and times, and said depositions shall continue until the requisite depositions have been completed. The Petitioners shall immediately apply for all such travel documents as required by the applicable laws and regulations, should they not have them yet. In the event the visa processing departments of the U.S. Embassy in Beijing and General Consulates in other major cities China are still closed (which**

[4] Pfizer's Covid-19 vaccine was approved by the FDA on December 11, 2020, four days after the entry of the Dismissal Orders and Moderna's vaccine was approved on December 18, 2020, eleven days after entry.

> **upon information and belief it still is as of this date), Petitioners shall apply for their travel visas as soon as practically possible when the visa processing departments reopen and begin processing travel visas to come to the U.S. To ensure compliance with the Amended Live Deposition Agreement, Petitioners' counsel shall provide the Court a monthly status report detailing the progress of the visa applications (including with an Excel spreadsheet showing the same) and shall alert the Court if any of the Petitioners travel documents become a problem. In the event a Petitioner has any problem out of their control that may prohibit them from traveling to the U.S., Petitioners' Counsel would respectfully ask the Court for guidance as to how to proceed in order to ensure complete compliance with the Court's Order and the Amended Live Deposition Agreement to avoid any prejudice to the Parties.**

30. Further, Petitioning Creditors respectfully submit that the concerns noted by the Court that allowing these cases to proceed could have serious consequences for the Alleged Debtors and third parties are not present under the circumstances in these cases. Rather, the Alleged Debtors are mere shell companies and do not engage in business and routine operations.[5] Indeed, most of the Alleged Debtors have no employees, no business operation, no revenue, no office space, little assets,[6] no additional lines of credit, and no general business affairs of note. Thus, the Alleged Debtors here cannot show that maintaining these cases would cause them to suffer any serious consequences at all.

---

[5] The Petitioning Creditors will show same to the Court if being allowed to proceed with the discovery upon the Alleged Debtors, though Alleged Debtors decisively and repeatedly refused to produce their books and records, specifically, financials (if any), to the Petitioning Creditors.

[6] Two of the seven Alleged Debtors, Wall007 LLC and Wall009 LLC, which were the first two entities kicking off the series of international borrowing activities, apparently purchased and owned certain property which were mortgaged to creditors other than the Petitioning Creditors. Based on the Petitioning Creditors investigation prior to the filing of these Involuntary Bankruptcy cases, five of the seven Alleged Debtors that received the loan in the total amount of approximately 30 million USD, did not purchase any property as they warranted and represented when raising millions of dollars from these innocent overseas lenders who baselessly, wrongfully and regretfully believed that American business entities shall be trustworthy and everyone's lawful rights and legal claims would be better protected by the U.S. law and legal system than any other jurisdiction in the world.

31. As it is and always has been Petitioning Creditors and Petitioning Creditors' counsel's intention and desire to fully comply with the Court's Orders, Petitioning Creditors' Counsel prays that the Court will reconsider and vacate its Order of Dismissal and allow Petitioners' to file an Amended Live Deposition Agreement which fully comports with the Court's mandate and Order.

32. For the foregoing reasons, based on the change in circumstances and in the interests of justice, judicial economy, and to avoid prejudice to Petitioning Creditors (specifically the Alleged Debtors' unfounded motion under 11 U.S.C. 303(i) for recovery of damages in the amount of approximately $138,000.000.00 from the Petitioners, (*see* [Dkt. No. 313]), Petitioners respectfully request that the Court reconsider its Order Dismissing Involuntary Bankruptcy Cases Without Prejudice and vacate said Order.

## RELIEF REQUESTED AND BASIS THEREOF

### I. Rule 9023 is Satisfied on the Motion to Reconsider

33. Federal Rule of Civil Procedure 59(e) (as applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9023) permits a court to alter or amend a judgment after its entry. FED. R. CIV. P. 59(e). Federal Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment. *Id.*

34. Federal Rule 59(e) includes motions for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Since specific grounds for a motion to amend or alter are not listed in the rule, the Court enjoys considerable discretion in granting or denying the motion. *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. New York State Dep't of Envtl. Conservation*, 831 F. Supp. 57, 61 (N.D.N.Y. 1993), *aff'd in part, rev'd in part*, 17 F.3d 521 (2d Cir. 1994)

(finding that a motion for reconsideration will be granted only when the court has overlooked matters or controlling decisions that might have materially influenced earlier decision).

35. There are four independent grounds upon which Rule 59(e) motion may be granted, two of which apply in this case. First, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Second, the motion will be granted if necessary to prevent manifest injustice.

36. A Federal Rule of Civil Procedure 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

37. Applying the relevant Rule 9023 factors here, **respectfully**:

(a) Petitioning Creditors have proposed a fair and equitable solution to the issues addressed by this Court in Order Dismissing Involuntary Bankruptcy Cases Without Prejudice;

(b) There has been newly discovered and previously unavailable evidence regarding the advancement and rollout of COVID-19 vaccines by Pfizer and Moderna;

(c) The Alleged Debtors are mere shell companies that would not suffer any serious consequences by continuing with these cases;

(d) The Alleged Debtors have filed an unjust Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11 U.S.C. § 303(i). *See* [Dkt. No. 313];

(e) Requiring Petitioning Creditors to re-file their petitions would subject Petitioning Creditors to manifest injustice in having to respond to Alleged Debtors' Motion for Recovery of Attorneys' Fees, Costs, and Compensatory and Punitive Damages Pursuant to 11

U.S.C. § 303(i) on one front, and pursue their legitimate and well-founded meritorious claims for involuntary bankruptcy on another front;

(f) Subjecting Petitioning Creditors to a potential judgment in the amount of $138,671,477.76 under 11 U.S.C. § 303(i) would be manifestly unjust and inequitable under the circumstances, considering these cases arise from the Alleged Debtors' failure to pay debts owed to Petitioning Creditors;

(g) Requiring Petitioning Creditors to re-file their petitions would further subject them to manifest injustice in that they have already expended substantial time and money in filing and maintaining these proceedings to date;

(h) Due to the great expense re-filing will cost as well as a possible judgment against the Petitioning Creditors, the Dismissal Order is effectively unjust and equates to operating as a dismissal with prejudice given Petitioning Creditors would have to satisfy any judgment against them prior to re-filing as well as incur the additional expenses and costs of refiling and starting from scratch; and

(i) This Court granting the instant motion and vacating its Order Dismissing Involuntary Bankruptcy Cases Without Prejudice would prevent a gross injustice and further the Court's goals of achieving a fair and equitable result on the merits and judicial economy.

## II. <u>Rule 9024 is Satisfied on the Motion to Reconsider</u>

38. Federal Rule of Civil Procedure 60(b)(6) (as applied to bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024) provides that among the grounds for relief from a final judgment, order, or proceeding is "any other reason justifying relief." FED. R. CIV. P. 60(b)(6).

39. This "catchall" provision of the rule allows the Court to use its equitable power to prevent injustice in a wide range of circumstances and should be used utilized where extraordinary

circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment. *In re Weisband,* No. BAP AZ-10-1239, 2011 WL 3303453, at *8 (B.A.P. 9th Cir. June 13, 2011).

40. As discussed above, Petitioning Creditors respectfully request the opportunity to file an Amended Live Deposition Agreement that is satisfactory to the Court and comports with its mandate. As such, Petitioning Creditors respectfully submit to the Court its proposal for said Amended Live Deposition Agreement which would include the following:

> Given the fact that the vaccine will have been widely distributed in the U.S. by mid-summer 2021, Petitioners agree and commit to and shall appear in person in the United States for their live depositions starting in mid-September 2021 on mutually agreeable dates and times, and said depositions shall continue until the requisite depositions have been completed. The Petitioners shall immediately apply for all such travel documents as required by the applicable laws and regulations, should they not have them yet. In the event the visa processing departments of the U.S. Embassy in Beijing and General Consulates in other major cities China are still closed (which upon information and belief it still is as of this date), Petitioners shall apply for their travel visas as soon as practically possible when the visa processing departments reopen and begin processing travel visas to come to the U.S. To ensure compliance with the Amended Live Deposition Agreement, Petitioners' counsel shall provide the Court a monthly status report detailing the progress of the visa applications (including with an Excel spreadsheet showing the same) and shall alert the Court if any of the Petitioners travel documents become a problem. In the event a Petitioner has any problem out of their control that may prohibit them from traveling to the U.S., Petitioners' Counsel would respectfully ask the Court for guidance as to how to proceed in order to ensure complete compliance with the Court's Order and the Amended Live Deposition Agreement to avoid any prejudice to the Parties.

41. As the proposed submission addresses and satisfies the Court's concerns as stated in its Order Dismissing Involuntary Bankruptcy Cases Without Prejudice, the Court's reconsideration and vacatur of its dismissal order is warranted and well justified. Indeed, the Court's reconsideration and vacatur of its dismissal order shall occasion no prejudice to the Alleged Debtors and allow these matters to be decided on the merits.

42. As the requested relief will both absolve the Court's concerns as Petitioning Creditors appearing live for depositions and prevent unfair prejudice and manifest injustice to Petitioning Creditors, the Court should grant Petitioning Creditors' Motion for Reconsideration and vacate its dismissal order.

Dated: January 7, 2021

/s/ *Brian M. Gargano*
Brian M. Gargano *(admission pending)*
bgargano@nguyen-chen.com
Jiangang Ou
jou@nguyen-chen.com
Nguyen & Chen LLP
11200 Westheimer Road Suite 120
Houston, TX 77042
Tel: (832) 767-0339
Fax: (832) 767-0669

*Counsel for the Petitioning Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically. Service has been accomplished electronically and/or by first-class mail to the parties listed below.

**Via U.S. Mail**
WALL007, LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

**Via U.S. Mail**
WALL009, LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

**Via U.S. Mail**
WALL010, LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

**Via U.S. Mail**
WALL011, LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

**Via U.S. Mail**
WALL012, LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

**Via U.S. Mail**
WALL016, LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

**Via U.S. Mail**
WALL017, LLC
13901 Midway Rd., Ste. 102
Dallas, TX 75244

**Via ECF**
Khudabuksh K. Walji, Esquire
Law Office of K. Walji
10701 Corporate Dr., Ste. 350

Stafford, TX 77477
**Via ECF**
Robert W. Buchholz, Esquire
bob@attorneybob.com

**Via ECF**
Darrell Wayne Cook, Esquire
dwcook@attorneycook.com
all@attorneycook.com

**Via ECF**
Katherine T. Hopkins, Esquire
katherine.thomas@kellyhart.com

**Via ECF**
Joyce W. Lindauer, Esquire
joyce@joycelindauer.com
dian@joycelindauer.com
gina@joycelindauer.com

**Via ECF**
Steven C. Metzger, Esquire
smetzger@pmklaw.com

**Via ECF**
Michael P. Ridulfo, Esquire
mridulfo@krcl.com
dtrevino@krcl.com
mridulfo@ecf.courtdrive.com

**Via ECF**
Patrick D. Sullivan, Esquire
sullivan@hooverslovacek.com

**Via ECF**
United States Trustee
ustpregion06.da.ecf@usdoj.gov

**Via ECF**
Behrooz P. Vida, Esquire
filings@vidalawfirm.com
legalprokirstin@gmail.com
bkfilings@yahoo.com

Dated: January 7, 2021 *<u>/s/ Jiangang Ou</u>*
Jiangang Ou